

RECEIVED
MAR 2 4 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            )<br>          Plaintiff, )<br>            )<br>  VS        )<br>            )<br>TYRELL WALTON )<br>            )<br>          Defendant. )<br>_____) | Case No: A97-0092-001 CR (HRH)<br><br>MOTION TO MODIFY SENTENCE<br>PURSUANT TO 18 U.S.C. §3582(c)(2) |

COMES NOW, Defendant, Tyrell Walton, hereinafter Walton, pro se, and moves this Honorable Court pursuant to 18 U.S.C. §3582(c)(2) to modify his 188 month term of imprisonment.

This motion is based on the U.S. Sentencing Commission's Amendments 706; and 709.

I. Amendment 706 changed section 2D1.1(c) by raising the quantity of crack to qualify as base offense level (BOL) 30. Before the amendment 35-50 grams of crack was level 30. Now 50-150 grams qualify a level 30. Walton was sentenced for 75.93 grams of crack.

Walton was indicted for Conspiracy §846; and Possession §841. He was charged with possessing an ounce of crack found on Co-defendant, and 3/4 pound of cocaine powder found in an apartment.

At sentencing, Walton was held accountable (under 1b1.1 relevant conduct) for 75.93 grams of crack, and 980.54 grams of powder cocaine which was all converted into powder at 100:1 ratio, total of 8,573 grams. Walton was also enhanced 2 levels for allegedly "using a minor to commit offense or assist in offense...(§3b1.4)", and sentenced to (BOL) 34; Criminal History Category 3, (188-235), and sentenced to the "low end" at 188 months.

Walton humbly asks this Honorable Court to consider Booker

"that a court may now depart from the guidelines as they are advisory"; and the Ninth Circuits holding in <u>Hicks</u> "that Booker applies to 3582(c)(2) proceedings" when resentencing. (see <u>United States v Booker</u>, 543 U.S. 220 (2005); and <u>United States v Hicks</u>, 472 F.3d 1167). In doing so, this Court may now - in its discretion - remove enhanced drug quantities and 3b1.4 enhancement because neither was alleged in his indictment, found by a jury beyond a reasonable doubt, nor plead guilty to by Walton. Walton asks this Court to modify his sentence consistent with "time-served".

## II. Amendment 609 now renders Walton's misdemeanors inapplicable to add Criminal History Category Score 3

Section 4A1.2(C)(1)(A) is amended to provide that offenses listed at 4A1.2(c)(1) will be counted "only if (A) the sentence was a term of probation of "more than" one year or a term of imprisonment of at least "thirty days".

Walton suggests that as a result of this amendment none of his prior convictions can be used to add Criminal History Score because they are all misdemeanors in which he did not receive a sentence of more than a year probation, or a term of imprisonment of at least thirty days.

1) On 9/18/95 he served 2 days in jail for furnishing false information to a police officer.

2) On 5/2/96, Walton was sentenced to 10 days in jail for a misdemeanor assault, and sentenced to 1 year of unsupervised probation.

These two convictions are Walton's only prior adult convictions. His prior juvenile convictions are also inapplicable. Walton humbly asks this Honorable Court to resentence him consistent with Amendment 709 at Criminal History Category 1; at (BOL) 30 (consistent to Amendment 706) 97-121 months term of imprisonment.

## CONCLUSION

In resentencing Walton, this court is asked to consider Walton is a first time non-violent offender who has spent approximately 10 years in prison; given the Commission's departure from its imperical approach in formulating the crack guidelines and its subsequent criticism of the crack/powder disparity, this court may find the disparity yields a sentence "greater than necessary" to achieve 3583's purpose, thus finding Walton has served enough time for an ounce of crack found on his co-defendant; and because a mandatory sentence is no longer open choice, district courts are necessarily endowed with discretion to depart from the Guidelines when issuing a new sentence under 3582(c)(2)". See Hicks 472 F.3d at 1170.

For the above reasons, Walton humbly asks this Honorable Court to exercise its discretion and modify his sentence to Level 30 (97-121 months) which is consistent with both amendments 706 and 709; or depart from the Guidelines altogether and resentence him to a term of imprisonment consistent with time-served on his 1998 conviction; and also reduce his term of supervised release to lowest possible term.

Respectfully Submitted,

*Tyrell Walton*
Tyrell Walton
pro se

3

**CERTIFICATE OF SERVICE**

I, Tyrell Walton, declare under the Penalty of Perjury that a copy of my Motion to Modify Sentence Pursuant to 18 U.S.C. §3582 (c)(2) was sent to the following address on this 17 day of ~~February~~ March 2008:

Richard L. Pomeroy
U.S. Attorney's Office
222 W. 7th Ave, #9
Anchorage, Alaska 99513

                                           *Tyrell Walton*
                                           Tyrell Walton
                                           Pro se

4

Tyrell Walton #62353-065
Federal Correctional Institutions
P.O. Box 800
Herlong, CA 96113

The United States District
For the District of Alaska
Clerk of Courts
222 W. 7th Ave, #9
Anchorage, Alaska 99513

Legal Mail




