NELSON P. COHEN
United States Attorney

ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: andrea.steward@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:97-cr-00092-03-HRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **RESPONSE IN OPPOSITION TO** |
| TYRELL WALTON, | ) | **18 U.S.C. § 3582(c) MOTION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant, Tyrell Walton, has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. While the relevant amendment does apply to the defendant's case, this Court has discretion with regard to whether to grant it, and the government submits, for the reasons set forth below, that the Court should

not reduce the defendant's sentence. The United States opposes the motion based upon concerns for public safety as well as the defendant's post-sentencing conduct.

## ORIGINAL SENTENCING

At the time of the defendant's original imposition of sentence, held on September 10, 1998, the Court found the defendant was responsible for a combination of cocaine powder ( 797.5 grams) and cocaine base (75.93 grams) that placed the defendant at a total adjusted offense level of 34. The defendant had prior convictions for unauthorized use of a vehicle, unlawful possession of a weapon, providing false information to an officer, and assault. These convictions, plus two points for being on probation when the current charges occurred, totaled 6 criminal history points. Thus the Court found the defendant's criminal history to be a level III. The Court declined to add a four-point adjustment for the defendant's role in the offense. As a result, the defendant's total offense level was 34 and the guideline sentence range was between 188 to 235 months.

The Court imposed the minimum Guideline sentence of 188 months of imprisonment. If the Court were to grant the defendant's instant motion for a reduction in sentence, his total offense level would be adjusted to 32 for a range of 151 months to 188 months of imprisonment.

Prior to and while in prison the defendant has exhibited violent tendencies that make him an unsuitable candidate for early release. Prior to the instant offense the defendant had a history of violence. He had been arrested several times for assault, he had been convicted of assault, and he had two failures to appear on charges including assault. The defendant remained a fugitive until 1998 when he was finally arrested on the charges in this case, drug trafficking.

While in prison the defendant had violent disciplinary incidents, including assault with a weapon in 2005, and fighting in 2001 and 2004. The defendant has a history of violence and even in a structured environment he continued his pattern of violence, which does not indicate that he would do any better if released from that structured environment. Consequently, the defendant poses a threat to public safety and is thus not a good candidate for early release.

### RETROACTIVE APPLICATION OF THE AMENDMENTS TO U.S.S.G. § 2D1.1

Section 3582(c)(2) of Title 18 provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c).  See U.S.S.G. App. C, Amend. 712.  Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1)  In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> (2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>   (A)  none of the amendments listed in subsection (c) is applicable to

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

          the defendant; or
- (B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
- (3)   <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

Among the factors the Court is to consider when determining whether or not a reduction in a defendant's term of imprisonment is warranted and the extent of any such reduction are 1) the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment; and 2) any post sentencing conduct of the defendant. *Commentary, Application Notes 1.(B)(ii) and (iii)*.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

---

[3] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances. Amendment 715 made additional changes which took effect May 1, 2008. See U.S.S.G., Supplement to App. C, Amend. 715. This Amendment changes how the calculation is made to reduce the sentence two levels to ensure that the reduction is fully implemented. This Amendment applies to reduce the defendant's sentence by two levels for a total offense level of 32

> A REDUCTION IN SENTENCE IS NOT WARRANTED IN THIS CASE BECAUSE OF PUBLIC SAFETY CONSIDERATIONS AND BECAUSE OF POST-SENTENCING CONDUCT

The retroactive application of the amendments to U.S.S.G. § 2D1.1 is discretionary. When exercising that discretion, the courts must be sensitive to the

concerns about releasing defendants to the streets who have either reconfirmed their criminal propensities while serving their original sentence or who have exhibited an intent to return to criminal behavior at the earliest opportunity. The need to protect the public from the defendant's criminal propensities still remains one of the primary functions of punishment and incarceration. For defendants who have proven once again that they are prone to engaging in criminal conduct, in particular violent conduct, the Court should deem it necessary to keep that particular defendant incarcerated as long as possible to protect the public.

In this particular case, because of the defendant's history of violence—which continued even in the structured environment of prison—the need to protect the public should outweigh the defendant's desire to get out of prison.

//
//
//
//
//
//
//

## CONCLUSION

For the reasons set forth above, the Court should deny the defendant's 18 U.S.C. §3582(c) motion for a reduction in sentence. The defendant has proven himself unworthy of a discretionary reduction in sentence.

RESPECTFULLY SUBMITTED this 10th day of June in Anchorage, Alaska.

>                                    NELSON P. COHEN
>                                    United States Attorney
>
>                                    s/Andrea T. Steward
>                                    ANDREA T. STEWARD
>                                    Assistant U.S. Attorney
>                                    Federal Building & U.S. Courthouse
>                                    222 West 7th Ave., #9, Rm. 253
>                                    Anchorage, AK 99513-7567
>                                    Phone: (907) 271-5071
>                                    Fax: (907) 271-1500
>                                    E-mail: andrea.steward@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008 a copy of the foregoing **RESPONSE IN OPPOSITION TO 18 USC § 3582(c) MOTION** was served electronically to:

Lance Wells,
Counsel for Defendant

s/ Andrea T. Steward
Assistant U.S. Attorney

USA v. Walton
3:97-cr-00092-03-HRH                          9