Law Offices of Lance C. Wells, P.C.
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TYRELL WALTON, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:97-CR-00092-3 HRH |

**MEMORANDUM OF LAW IN SUPPORT OF REPLY
TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)**

**I.   Facts.**

Mr. Walton was sentenced on September 10, 1998, for a period of 188 months in prison. The court found the defendant responsible under relevant conduct for 797.5 grams of cocaine powder, and 75.93 grams of cocaine base: Adjusted Offense Level 34, Criminal History Category level III (six points). Based upon the above, Mr. Walton faced a sentencing range of 188-235 months of incarceration.

**II. Argument.**

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)
United States of America v. Tyrell Walton*
*Case No. 3:97-cr-00092-03 HRH*                                                           *Page 1 of 6*

At the time of sentencing, the court found Mr. Walton to have an adjusted base offense level of 34, and Criminal History category III. Defendant was not found to be a career offender, that he was not susceptible to the criminal livelihood enhancement, nor was he an armed career offender. Mr. Walton was sentenced to 188 months. His sentencing range at the time was 188-235 months of possible incarceration under the then mandatory USSG.

Subsequent to defendant having been sentenced, on November 1, 2007, Amendment 706 became effective. This amendment reduced the base offense level for most cocaine base (crack) offenses by 2 levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under § 1B1.10(c), effective March 3, 2008. Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the Drug Conversion Chart, which is employed where the offenses of conviction involved crack as well as other controlled substances. In Amendment 706, the Commission generally reduced by 2 levels the offense levels applicable to crack cocaine offenses. Mr. Walton timely filed a motion for resentencing pursuant to 18 U.S.C. § 3582(C) after the amendments went into effect and were declared retroactive. His motion including

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Tyrell Walton*
*Case No. 3:97-cr-00092-03 HRH*                                                      Page 2 of 6

attachments were adopted by undersigned counsel. Mr. Walton, as will be seen below, should receive the benefit of a 2 level reduction.

In reviewing the Government's Opposition to Defendant's Motion for Reduction of Sentence, the government simply agues that the defendant should not receive the two point reduction because he is a danger to public safety.

While it is correct that Mr. Walton does have a somewhat checkered criminal history for the purpose of prior sentencing under the then mandatory USSG, it should be noted that much of Mr. Walton's prior judgments are for a multitude of misdemeanors including convictions when he was a juvenile, to include unauthorized use of a vehicle and unlawful possession of a weapon. Adult convictions for providing false information to a police officer and assault both of which are misdemeanors. Mr. Walton argues that the conviction for providing false information to a police officer should not count pursuant to Amendment 709 which renders Mr. Walton's misdemeanor inapplicable as he did not receive a sentence of over thirty days, nor did he receive a probationary period of over one year. Mr. Walton's history is not consisting of violent felonies and or drug related felony convictions. See advisory USSG Sec. 4A1.2(c)(1).

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Tyrell Walton*
*Case No. 3:97-cr-00092-03 HRH*                                              *Page 3 of 6*

Simply put, the defendant was a drug addict and was addicted to crack cocaine. His crimes when looked at as a whole reflect a problem with the use of drugs by Mr. Walton, at least until the point of incarceration. This court should not give up on Mr. Walton.

Since being incarcerated, Mr. Walton has completed the following programs: Professional Technical Computer Training, 12 credits, Computer Course ACNT 1325, POFI 1349, , POFT 1319, POFT 1349 in the study of computer technology programming, 816 contact hours in the area of Computer Technology Programming, Introduction to Micro Computers, Microsoft Word, Microsoft Access, and Microsoft Excel. See documentation filed with Mr. Walton's pro-se motion for modification of sentence. Mr. Walton has taken multiple opportunities afforded to him to better himself while incarcerated. He was sentenced at the low end of the then mandatory USSG at the time he was originally sentenced as the court did not then give up on Mr. Walton. The court should not give up on him now either. He has been extremely productive while incarcerated.

The government then goes on to state that there have three other incidents involving Mr. Walton while incarcerated. Just what they are is not elaborated upon in any detail, nor or any facts given in support of the bold statements by the government. No documentation from the BOP has been submitted by the

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Tyrell Walton*
*Case No. 3:97-cr-00092-03 HRH*                                                        *Page 4 of 6*

government in any form to support its wildly made claims. As this court well knows (including the government's attorney), BOP prisons are very dangerous places and daily survival is difficult at a minimum. Assaults, stabbings and killings are frequent. The BOP prisons are full of gangs, drugs, weapons and the like. Most likely these incidents are simply related to prison life and daily survival within the BOP. Mr. Walton is housed in Herlong, Ca. one of the toughest and most dangerous prisons in the country that is full of gangs, gang members and gang related activities.

Mr. Walton should have his sentenced reduced by two levels, for Base Offense Level 32 and his criminal history corrected to reflect his true Criminal History level III (five points). Advisory sentencing range: 151-188 months. The court should impose sentence on the low end of the now advisory range. This court should not simply give up on Mr. Walton as he is able to be rehabilitated and has demonstrated this by the number of classes he has completed while incarcerated. The court gave Mr. Walton previously the bottom of the advisory range. It should be the same now.

It is hoped that when Mr. Walton has served his sentence, he will then become a productive member of society. There is no reason not to give Mr. Walton the two points off he is requesting and this final opportunity to change his life for the

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
<u>*United States of America v. Tyrell Walton*</u>
*Case No. 3:97-cr-00092-03 HRH*                                           *Page 5 of 6*

better. The government does not dispute and in fact concedes that the crack amendments apply squarely to Mr. Walton.

## II. Conclusion.

Mr. Walton should be sentenced under an offense level 32, Criminal History III (five points), with an advisory sentencing range of 151-188 months. Mr. Walton should be sentenced to the low end of this range of 151 months. For the foregoing reasons, the government's response in opposition must be denied.

DATED at Anchorage, Alaska, this 11th day of June 2008.

LAW OFFICES OF LANCE C. WELLS, P.C.

By: _/s/ Lance C. Wells_____
Attorneys for defendant,
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: lwells@gci.net
AK # 9206045

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on

June 11, 2008, a copy
of the foregoing was served
electronically:

Andrea Steward, AUSA

 /s/ Lance C. Wells

*MEMORANDUM OF LAW IN SUPPORT OF REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)*
*United States of America v. Tyrell Walton*
*Case No. 3:97-cr-00092-03 HRH*                                              Page 6 of 6